IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVEY TERRELL FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-00712 |
| ) | |
| RICKY BELL, BILL SMITH, TERRY DENNEY, ) | Judge Trauger |
| and TERRY MAYNARD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Davey Terrell Floyd, a state inmate presently incarcerated at the Whiteville Correctional Facility in Whiteville, Hardeman County, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1). Because the plaintiff proceeds *in forma pauperis*, and because he seeks redress from government officials, his complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the court must conduct an initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.    Factual Allegations**

The plaintiff is presently confined at the Whiteville Correctional Facility (within the Western District of Tennessee), but his claims concern an event that occurred at the Bledsoe County Correctional Complex ("BCCX") (formerly the Southeastern Tennessee State Regional Correctional Facility) in Pikeville, Tennessee (in the Eastern District). The plaintiff names as defendants Ricky Bell, former Warden of Riverbend Maximum Security Institution ("RMSI"); Bill Smith, Classification Coordinator at RMSI; Terry Denny, Unit Manager at BCCX; and Terry Maynard, Counselor at BCCX. All defendants are sued in their individual capacity.

The plaintiff alleges that he was brutally assaulted at BCCX by fellow inmate, Fredericko Brown, on August 7, 2011, without provocation and in fact while the plaintiff was sleeping. The plaintiff alleges that he suffered serious injuries as a result of the assault and that the assault occurred because of the defendants' deliberate indifference to the plaintiff's safety.

More specifically, the plaintiff alleges that Fredericko Brown was classified as "close custody" security level and was segregated from the general prison population from 2004 through approximately 2010, as a result of having engaged in numerous violent acts and being subjected to disciplinary measures while he was incarcerated, including assaults on staff and other inmates, fighting, threatening employees, indecent exposure, positive drug screens, and possession of contraband including deadly weapons. He was also deemed to be a member of a Security Threat Group ("STG") and, therefore, according to the plaintiff, considered *per se* to pose a threat to prison staff and other inmates.

The plaintiff alleges that, as recently as August 2010, Brown was found in possession of a cellular telephone and was "confirmed as a serious risk/substantial risk of serious harm to the security/good order of

the Institution and to the safety of staff and other inmates, requiring custody and security at the highest level." (ECF No. 1, at 7.) Brown was reclassified from "close custody" security level to "maximum," specifically Level 3 Maximum Security at RMSI. After an internal review conducted at RMSI in November 2010, it was recommended that Brown continue in Level 3 Maximum Security on the basis that he was not ready to be housed with the general population at that time.

The recommendation was forwarded to defendants Ricky Bell and Bill Smith. Notwithstanding, on November 24, 2010, Bell and Smith ordered and approved Brown's reclassification as "close custody" security level and his release from "maximum" security level. Shortly thereafter, Brown was transferred to BCCX and placed in the general prison population, again allegedly with the approval of defendants Bell and Smith, despite their knowledge that Brown posed a substantial risk of harm to the staff and other inmates.

On February 15, 2011, while at BCCX, Brown was reclassified from "close custody" security level by defendant Terry Maynard, with the approval of defendant Terry Denney. In order for this reclassification to occur, Maynard and Denney approved a "custody override," in contravention of prison and TDOC policy. Brown was placed in medium security, and housed with the general prison population. He was initially housed in the same cell with another inmate who was also classified as close custody and was a confirmed member of the same STG as Brown.

On August 2, 2011, Brown was moved to the same cell as the plaintiff. On August 7, 2011, while the plaintiff was asleep, Brown assaulted the plaintiff with a prison-made knife or shank, stabbing him eight times in the face, neck, head, back, arm, chest, and stomach. The plaintiff received medical treatment, and Brown was ultimately charged with assault, given a two-year extension on his sentence, and placed back on maximum security. The plaintiff, at his request, was transferred to a different prison.

The plaintiff alleges that all four defendants were deliberately indifferent to his welfare and safety, insofar as they were actually aware of the threat Brown posed to other inmates (as well as staff), but they intentionally disregarded RMSI's review committee's recommendation as to Brown's custody level and placed him in medium security and back in the general prison population.

The plaintiff also alleges that the defendants intentionally concealed the information pertaining to their liability from the plaintiff and that he did not discover, and could not have discovered, the information regarding Brown's custody level, recommended custody level, and deviations from the recommendation,

prior to April 2013.

**III.     Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Gratta*n, 468 U.S. 42, 45 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2002) (citations omitted); 42 U.S.C. § 1983.

There is no question that prison officials have an affirmative duty under the Eighth Amendment to protect inmates from violence perpetrated by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991), as "describing 'the protection [an inmate] is afforded against other inmates' as a 'conditio[n] of confinement' subject to the strictures of the Eighth Amendment"). However, as the Sixth Circuit has recognized, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To establish an Eighth Amendment claim premised on prison officials' failure to protect, a prisoner-plaintiff must establish that the prison officials acted with "deliberate indifference to the health or safety of the inmate." *Id.* at 601 (citing *Farmer*, 511 U.S. at 834). The plaintiff must also "allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions. *Id.*

The Supreme Court clarified the test for deliberate indifference in *Farmer*. A claim of deliberate indifference consists of both objective and subjective components. *Farmer*, 511 U.S. at 834; *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. To establish that prison officials violated an inmate's Eighth Amendment right to be free from cruel and unusual punishment, an inmate must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that the prison official had the "state of mind . . . of 'deliberate indifference' to inmate health or safety." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (quoting *Farmer*, 511 U.S. at 834).

In this case, the plaintiff clearly alleges facts that satisfy the objective prong: that he was assaulted by a fellow inmate and suffered serious injury as a result of Brown's having been reclassified as medium security level and housed with the plaintiff.

To satisfy the subjective prong of the *Farmer* test, the plaintiff must show that the defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official[s] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Farmer*, 511 U.S. at 837. In *Farmer*, the Supreme Court explicitly rejected an objective standard for deliberate indifference which would allow prison officials to be held liable if they s*hould have known* of a substantial risk to inmate safety but did not have actual knowledge of the risk. *Id.* "[T]he failure to alleviate a significant risk that an official should have perceived but did not, while no cause for commendation," cannot be the basis of a deliberate indifference claim. *Id.* at 838. At the same time, however, a prisoner is not required to show that officials had an actual intent to harm. *Farmer*, 511 U.S. at 836. Under this standard, the court finds that the plaintiff plausibly alleges facts from which it might be inferred that the prison officials at BCCX (defendants Denney and Maynard) actually knew of and consciously disregarded a serious risk of danger to other inmates, and to the plaintiff specifically, when they purposefully overrode Brown's security classification, classified him as medium security, placed him in the general prison population at BCCX, and then housed him in a cell with the plaintiff.

With respect to defendants Bell and Smith, however, the court finds that the causal connection between the actions taken by these defendants and the plaintiff's injuries is too tenuous to support the claims against them. Bell and Smith are alleged to have classified Brown as "close custody" security level before he was transferred to BCCX. Once at BCCX, the officials there overrode that classification and placed him in a medium-security setting. Both because there is no apparent causal connection between the RMSI defendants' actions and the assault on the plaintiff, and because the RMSI defendants' actions did not pose a serious risk to the plaintiff's health and safety, the claims against Bell and Smith are subject to dismissal for failure to state a claim for which relief may be granted.

Despite the finding that the complaint states colorable claims against Denney and Maynard, the question remains whether these claims should be permitted to proceed in light of the one-year statute of limitations that applies to actions in Tennessee under 42 U.S.C. § 1983. In that regard, the court finds that

the plaintiff has adequately alleged facts suggesting that he may be entitled to equitable tolling of the statute of limitations based on the defendants' wrongful concealment of their actions, the plaintiff's failure to discover the operable facts that form the basis of his cause of action within the limitations period, and the plaintiff's diligence in attempting to discover the pertinent facts. *See Hill v. U.S. Dep't of Labor*, 65 F.3d 1331, 1335 (6th Cir. 1995). The court finds that the dismissal on the basis of the statute of limitations is not warranted at this time.

**IV.   VENUE**

Venue for a civil rights action is governed by 28 U.S.C. § 1391(b). Section 1391(b) requires that an action, such as the instant case, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

In this case, the claims against two of the four defendants named in the complaint will be dismissed on initial review for failure to state a claim. The only defendants against whom suit is properly brought can be found in Bledsoe County, and the plaintiff's claims arose at BCCX in Bledsoe County. Because Bledsoe County lies within the Southern Division of the Eastern District of Tennessee, 28 U.S.C. § 123(a)(3), venue for this action properly belongs in that judicial district. Accordingly, the action will be transferred to that district.

**V.   CONCLUSION**

For the reasons set forth herein, the claims against defendants Ricky Bell and Bill Smith will be dismissed, but the claims against defendants Terry Denney and Terry Maynard will, for now, be permitted to proceed, and this action will be transferred to the Eastern District of Tennessee. An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge